**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Aloysius B. FIELDS,
Defendant-Appellant.**

**No. 48728.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Debra Buie Arnold, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Mark A. Richardson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CLEMENS, Senior Judge.

Charged with feloniously tampering with another's automobile (Section 569.080(2) RSMo.). Defendant Aloysius Fields was found guilty by a jury. The trial court found he was a previous felon and sentenced him to ten years in prison. He appeals; we affirm.

Defendant does not challenge the state's evidence nor did he offer any. Instead, he only claims the trial court erred in denying his challenge for cause to venireman Ms. McCabe.

We summarize Ms. McCabe's voir dire answers to hypothetical questions. In answering defense counsel's questions she twice said on conflicting witnesses she would tend to believe a police officer and that she did not know if she could be totally objective. Interspersed with those statements Ms. McCabe explained she thought police were trained to be accurate in dealing with information; that weight to be given a policeman's answers would depend on what the issue was; that she did at times disagree with what policemen said; that she did not believe a policeman is a better person than a defendant; that on a conflict she would keep an open mind and would follow the direction of the trial judge.

On then being questioned by the court Ms. McCabe said that in weighing conflicting testimony she could disregard a policeman's prior training; that being acquainted with some policemen would make no difference to her; that she would be able to be a fair juror.

In denying defendant's motion to strike the venireman the trial court found she had no preconceived notion of defendant's guilt and that she could be an impartial juror.

We conclude defendant failed in his burden to show the trial court erred in denying the challenge for cause. The case of *State v. Draper*, 675 S.W.2d 863[1–4] (Mo. banc 1984) holds a trial court has a wide discretion in ruling on challenges for cause and will be rejected only on a clear showing of abuse of that discretion.

And, in *State v. Smith*, 649 S.W.2d 417 [2–7] (Mo. banc 1983) the court dealt with veniremen's qualifications and held:

> "Because the trial judge is in better positioned to make that determination than are we from the cold record, doubts as to the trial court's findings will be resolved in its favor."

In further explanation of the principle see *State v. Gray*, 657 S.W.2d 296[3] (Mo. App.1983).

We affirm.

DOWD, P.J., and CRANDALL, J., concur.